*W. I. Dudley, for appellant.*
*John T. Harrison, Carlisle & Foote, for appellee.*

---

## JOHN SANDERSON AND WIFE *v.* SUSAN E. HAYS, ET AL.

**Lunatics—Conveyances.**
> The deed of a lunatic is not void absolutely, but is susceptible of confirmation by the lunatic when restored to sanity.

APPEAL FROM KENTON CHANCERY COURT.

February 6, 1875.

OPINION BY JUDGE LINDSAY:

The testimony establishes very clearly that prior to 1844, and up to and after 1848, and in fact up to the present time, the mind of Mrs. Hays was and has all the while been seriously impaired, so much so, that she was in 1844 and in 1848 incapable of binding herself by a conveyance of her land, even though it may have been executed in strict conformity to the statutes regulating the mode in which conveyances of real estate shall be made and executed by married women.

The circumstances all tend to show that Wolfe, the original pur-

chaser, was cognizant of Mrs. Hay's condition at the time he accepted the original, and also when he procured the execution of the second deed.

This case does not come within the rule indicated in the cases of *Breckenridge's Heirs v. Ormsby,* 1 J. J. Marsh. 236; *Shirleys v. Taylor's Heirs,* 5 B. Mon. 99, and *Hopson v. Boyd,* 6 B. Mon. 296. In the first of these cases the alleged lunatic confirmed his deed after he had been restored to a sound mind, and the most that the court decided was that a conveyance executed by an insane person is not void absolutely, but is susceptible of confirmation by the lunatic when restored to sanity.

In the second case, a replevin bond was executed by a party who was acting as the agent of a supposed lunatic. Upon this bond an execution was sued out and levied upon a tract of land. The heirs of the lunatic sought to set aside the sale made under this levy upon the ground of their ancestor's lunacy. The court held that inasmuch as the judgment upon which the first execution issued was regular and valid, that the replevy was for the benefit of the debtor; that there was no fraud, oppression or unfairness in taking the bond or in making the sale; that the sale of the land was necessary to pay an honest debt, and was for a fair price, and advantageous to the lunatic. There was no sufficient reason shown for the interposition of the chancellor.

In the third case, the contract was free from fraud and unfairness, and was seemingly advantageous to the lunatic; and therefore the court decided that it should be upheld.

In the case under consideration, an insane married woman was induced to join with her husband in conveying away her patrimony. The husband, who should have protected the wife's interest, received and appropriated the whole purchase price. The sale was not intended to be for the benefit of the wife. Nothing whatever was secured to her out of the price paid for the land, and there is no reason, legal or moral, why she shall not now be allowed to avoid a transaction which was a fraud upon her rights, and which operated to reduce her to absolute want.

We are constrained to approve the judgment of the chancellor.

Judgment *affirmed.*

*Pryor & Chamber, for appellants.*
*R. D. Handy, for appellee.*